USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ESPEDICTO ANTONIO PERALTA
FERNANDEZ,

Defendant.

No. 15-CR-599-RA-5

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Espedicto Antonio Peralta Fernandez, proceeding *pro se*, seeks immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his health conditions and the COVID-19 pandemic. He also moves for a reduction of his sentence pursuant to Amendment 782 to § 3582. For the reasons that follow, the motions are denied, albeit without prejudice as to his § 3582(c)(1)(A) motion.

## BACKGROUND

In March 2017, Mr. Peralta Fernandez was charged with conspiracy to import five kilograms and more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), 963; and conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Dkt. 99. Each count carries a mandatory minimum sentence of ten years' imprisonment.

Mr. Peralta Fernandez pleaded guilty pursuant to a written plea agreement. Dkt. 207-1 at 1-2. The agreement provided for two sentencing enhancements under the United States Sentencing Guidelines ("Guidelines") because Mr. Peralta Fernandez acted as "an organizer, leader, manager, or supervisor in the criminal activity," and because he was directly involved in the importation of

a controlled substance.  *Id.* at 2-3.  Consistent with the plea agreement, the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office concluded that Mr. Peralta Fernandez's offense involved 150-450 kilograms of cocaine and that both proposed sentencing enhancements applied.  Dkt. 114 at 8, 9 (filed under seal).  The PSR accordingly calculated the advisory sentencing range to be 210 to 262 months.  *Id.* at 13.

In 2017, the Court sentenced Mr. Peralta Fernandez to a term of 145 months on each count to run concurrently—two years above the mandatory minimum and 65 months below the bottom of the Guidelines range.  *Id.* at 33.  In so doing, the Court recognized the serious nature of the offense, evidenced by Mr. Peralta Fernandez's supervisory role in smuggling "massive amounts" of cocaine as part of an "international drug-trafficking organization."  Dkt. 151 at 32.  The Court explained that his crime harmed both individuals and communities.  *Id.*  It also considered the fact that Mr. Peralta Fernandez was "a family man" with strong ties to his children and "a hard worker" with a history of gainful employment, who had not been involved in any violence in connection with his crimes or otherwise.  *Id.* at 32-33.

Mr. Peralta Fernandez is currently incarcerated at USP Lewisburg in Lewisburg, Pennsylvania.  He has completed approximately 66 months of his 145-month sentence; taking good-behavior time into account, he is scheduled to be released on August 7, 2026.  Dkt. 226 at 3. Mr. Peralta Fernandez is subject to a detainer from Immigration and Customs Enforcement, meaning that upon his release from federal custody, he will likely be deported or held in immigration detention.

Having exhausted his administrative remedies,[1] Mr. Peralta Fernandez filed a motion on June 2, 2021 seeking immediate release in light of the COVID-19 pandemic and his medical

---

[1] "A court may grant compassionate release upon motion of the defendant, but only after the defendant has asked the Bureau of Prisons to make such a motion on his behalf and given the BOP thirty days to respond."  *United States v.*

conditions.  Dkt. 219.  The Court requested and received medical records confirming that he suffers from diabetes and hyperlipidemia.  Dkt. 223 (filed under seal).  The CDC has concluded that diabetes increases a person's risk of severe illness if he contracts COVID-19.  CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  On June 28, Mr. Peralta Fernandez also filed a motion for sentence reduction pursuant to Amendment 782 to 18 U.S.C. § 3582.  Dkt. 221.

The Government opposes the motions.  Rather than addressing Mr. Peralta Fernandez's medical conditions, it argues that he has not established extraordinary or compelling reasons warranting release because he recovered from COVID-19 in January 2021 and was vaccinated against COVID-19 in May 2021; thus, the Government contends, he only has a "minimal" risk of suffering severe illness or hospitalization if he contracts the virus again.  Dkt. 226 at 5 (citing medical records).  The Government further argues that the sentencing factors in 18 U.S.C. § 3553(a) do not support release given the seriousness of his crime and the amount of time remaining on his sentence.  *Id.* at 6-7.  Finally, the Government explains that Mr. Peralta Fernandez's motion under Amendment 782 must fail because he was sentenced in December 2017, well after Amendment 782's reductions to the relevant Guidelines ranges went into effect.  *Id.* at 5-6.

## LEGAL STANDARD

Pursuant to the compassionate release statute, a district court may "reduce [a] term of imprisonment" where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the sentencing factors in 18 U.S.C. § 3553(a).

---

*Sanders*, No. 17-CR-0456 (RA), 2020 WL 6273906, at *1 (S.D.N.Y. Oct. 26, 2020).  On July 19, 2021, Mr. Peralta Fernandez made a request for compassionate release to the Warden of FCI Big Spring, where he was formerly incarcerated.  Dkt. 224.  The Warden denied the request on July 26, explaining that under BOP policy, Mr. Peralta Fernandez's immigration detainer rendered him ineligible for compassionate release.  *Id.*

18 U.S.C. § 3582(c)(1)(A).  In determining the sentence to impose, courts must consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) afford adequate deterrence; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with training, medical care, and other treatment in the most effective manner.  18 U.S.C. § 3553(a)(1), (a)(2).  Application of these factors requires assessing whether they outweigh any extraordinary or compelling reasons warranting release.  *United States v. Daugerdas*, No. 09-CR-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020).  The First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Amendment 782, made effective November 1, 2014, lowers the base offense levels in the Guidelines for certain drug-related offenses, including for the specific offenses for which Mr. Peralta Fernandez was convicted.  *See United States v. Gonzalez*, 137 F. Supp. 3d 354, 355-56 (S.D.N.Y. 2015).  Amendment 782 may be retroactively applied to defendants who were sentenced before its effective date.  *Id.*

## DISCUSSION

Although Mr. Peralta Fernandez undeniably has significant health conditions, the Court finds that no extraordinary and compelling reasons warrant his release.  It further finds that the § 3553(a) sentencing factors do not support a sentence reduction.

District courts in this circuit have grappled since the beginning of the pandemic with many of the issues raised in Mr. Peralta Fernandez's motion.  Although many courts have treated diabetes (often in combination with other illnesses) as creating extraordinary and compelling circumstances

4

when considered in the context of conditions of incarceration, others have declined to do so. *Compare, e.g.*, *United States v. Afanasyev*, No. 17-CR-0350 (LAP), 2020 WL 6395303, at *1-2 (S.D.N.Y. Oct. 30, 2020); *United States v. Bayuo*, No. 15-CR-0576 (JGK), 2020 WL 3415226, at *2 (S.D.N.Y. June 20, 2020); *United States v. Rivera*, No. 86-CR-1124 (JFK), 2020 WL 2094094, at *5 (S.D.N.Y. May 1, 2020); *United States v. Moreno*, No. 03-CR-0724 (LAP), 2021 WL 707005, at *2 (S.D.N.Y. Feb. 23, 2021); *and United States v. Ng Lap Seng*, No. S5-15-CR-0706 (VSB), 2021 WL 961749, at *5 (S.D.N.Y. Mar. 15, 2021), *with United States v. Riter*, No. 18-CR-0313 (JFK), 2020 WL 3428144, at *3 (S.D.N.Y. June 23, 2020); *and United States v. Williams*, No. 00-CR-0237 (VM), 2020 WL 4735353, at *1-2 (S.D.N.Y. Aug. 14, 2020).  Courts have also reached different conclusions on the question of whether extraordinary and compelling circumstances exist when an individual's risk-enhancing conditions are stable and managed through medication and treatment.  *Compare United States v. Mood*, No. 19-CR-0113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to a 53-year-old with diabetes and other conditions because they "have been carefully monitored by the Bureau of Prisons . . . and well-managed through medication"), *with United States v. Clare*, No. 12-CR-0792 (ARR), 2021 WL 235996, at *4 & n.5 (E.D.N.Y. Jan. 25, 2021) ("[T]he CDC Guidelines state that merely having certain underlying medical conditions increases a person's risk of severe illness from COVID-19, regardless of whether they are stable").  In any event, Mr. Peralta Fernandez's health conditions are not the only relevant factors at hand.  The Court must also consider his vaccinated status and recovery from COVID-19.

The Government is correct that "a number of courts" in this circuit have found that recovery from COVID-19 "weighs against granting [a] defendant compassionate release," reasoning that the purpose of release is to decrease the risk of contracting the virus.  *United States v. Pena*, No.

18-CR-0640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021) (collecting cases).  Similarly, "the risk of COVID-19 for a vaccinated individual"—even one with health conditions such as diabetes—"is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." *United States v. Jones*, No. 17-CR-0214 (CM), 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); *see also United States v. Nkanga*, No. 18-CR-0713 (JMF), 2021 WL 1601076, at *2 (S.D.N.Y. Apr. 23, 2021).

In light of the Delta variant's spread, a few district courts have recently reversed course by concluding that a defendant's underlying health conditions do create extraordinary and compelling circumstances notwithstanding vaccination or recovery from COVID-19.  *See, e.g.*, *United States v. Salemo*, No. 11-CR-0065 (JSR), 2021 WL 4060354, at *6 (S.D.N.Y. Sept. 7, 2021) ("[T]he past few weeks have only underscored the remaining danger that COVID-19 poses, even to those who have recovered from COVID-19 and who have been fully vaccinated.").  Such cases, however, appear to remain the exception.  *See, e.g.*, *United States v. Tucker*, No. 13-CR-0378 (AJN), 2021 WL 3722750, at *2 (S.D.N.Y. Aug. 23, 2021) (granting a reduction in sentence after noting that a defendant's sickle cell disease, which is associated with "markedly higher rates of hospitalization and death from COVID-19," "sets [him] apart from the vast majority of inmates").

Considering all these factors, the Court does not believe that Mr. Peralta Fernandez is one of those "extremely few" individuals who has "been vaccinated against COVID-19 or . . . [has] already recovered from an infection" and who nonetheless has "an extraordinary or compelling reason for a modification of [his] sentence." *Tucker*, 2021 WL 3722750, at *2-3.  Even assuming the seriousness of his health conditions, his vaccination and prior recovery meaningfully decrease his risk of severe illness if he contracts the virus again.  Moreover, there is no indication that Mr. Peralta Fernandez is suffering long-term complications from COVID-19 or from his health

conditions such that he currently requires treatment.  *See Pena*, 2021 WL 396420, at \*2 (courts focus on the "present need for medical treatment and the adequacy of the treatment" being received when a defendant who has contracted the virus seeks release).

The § 3553(a) factors also weigh against release at this time.  Given the seriousness of his offense, and the fact that Mr. Peralta Fernandez has served less than half of his sentence, granting release would "undermine respect for the law and the need for a just sentence, and weaken the deterrent effect on future criminal conduct."  *United States v. Martinez*, No. 20-CV-2723 (DC), 2021 WL 1143744, at \*4 (S.D.N.Y. Mar. 24, 2021); *see also United States v. Francisco*, No. 19-CR-0131 (PAE), 2020 WL 3507958, at \*3 (S.D.N.Y. June 29, 2020) (concluding that "a reduction in sentence would be inconsistent with . . . § 3553(a)" when the defendant "had served just over half of his sentence").

If circumstances change based on either public health developments or developments regarding Mr. Peralta Fernandez's health, however, he may renew his § 3582(c)(1)(A) motion.  *See, e.g.*, *Nkanga*, 2021 WL 1601076, at \*2 n.2 ("Needless to say, Dr. Nkanga can renew his request for relief should future evidence demonstrate that new COVID-19 variants render the . . . vaccine significantly less effective at preventing serious illness or death from COVID-19 or the protection afforded by vaccination diminishes over time.").[2]

Finally, Mr. Peralta Fernandez's motion for sentence reduction pursuant to Amendment 782 to § 3582(c) is denied.  As the Government notes, Mr. Peralta Fernandez was sentenced in December 2017—over three years after the Amendment's reductions to the base offense levels in

---

[2] For instance, the Court takes note of emerging public health developments and debates regarding whether the protection afforded by an initial vaccine dose meaningfully diminishes over time such that one or more booster doses are necessary.  *See, e.g.*, Apoorva Mandavilli, *C.D.C. Recommends Covid Booster Shots for Millions of Americans*, N.Y. Times (Oct. 21, 2021), https://www.nytimes.com/2021/10/21/health/covid-vaccine-boosters-cdc.html.  These developments raise the possibility, even if uncertain, that district courts' prior conclusions on the effect of vaccination or recovery from COVID-19 on the future risk of serious illness could be subject to change.

Section 2D1.1, the provision on which his sentence was based, took effect. *See Gonzalez*, 137 F. Supp. 3d at 357 ("The Court finds that Gonzalez is not eligible for a sentence reduction under Amendment[] 782 . . . [because] Gonzalez's base offense level . . . already took into account the two-level reduction for drug offenses codified in Amendment 782."); Dkt. 139 at 15 (sentencing memorandum acknowledging that the Guidelines calculation was governed by § 2D1.1(c)(2)).

**CONCLUSION**

For the foregoing reasons, Mr. Peralta Fernandez's motions for sentence reduction under § 3582(c)(1)(A) and Amendment 782 are denied, the former without prejudice as to its renewal upon changed circumstances.  The Clerk of Court is respectfully directed to terminate the motions at docket numbers 219, 221, and 222 and to mail a copy of this Order to Mr. Peralta Fernandez.

SO ORDERED.

Dated: November 15, 2021
New York, New York

_____
Hon. Ronnie Abrams

8